**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

United States of America ex rel.
　The Tarbell Group, LLC,

　　　Plaintiff

　　　　v.

Virginia Rush Soccer, Inc., et al.,

　　　Defendants

Case no. 1:24-cv-849-LMB-LRV

**MOTION TO RECONSIDER**

On July 14, 2025, the Court ordered the action dismissed as to the two remaining defendants, Virginia Rush Soccer Inc. and Glen Allen Community Center. Dkt. No. 24. Relator believed, and believes, that the Government was and is still considering whether to intervene as to those two defendants, [1] and that Relator was therefore powerless to proceed pending the Government's election. [2]

Relator therefore respectfully requests that, rather than dismiss the case, the Court order the Government to elect whether or not to intervene by a date certain, or request an extension of time in which to do so. Dismissing the case would short-circuit the Government's intervention decision and jeopardize Relator's position as first-to-file under the False Claims Act due to circumstances not of his own making. [3] The cure-or-waiver-of-defects statute allows dismissal

---

[1] *See* United States' Notice of Intervention in Part for Purposes of Settlement as to Defendants Cheers, Employee Activity Association, Inc., and National Association of Telecommunications Officers and Advisors and Request to Unseal, Dkt. No. 11, at 2 (February 5, 2025) ("The United States is continuing its investigation as to the remaining defendants . . ."); United States' Notice of Intervention in Part for Purposes of Settlement as to Defendants Metropolitan Business League and Southampton Recreation Association, Dkt. No. 20, at 1 (March 28, 2025) ("The United States is continuing its investigation as to the remaining defendants . . .").

[2] 31 U.S.C. § 3730(b)(4)

[3] *Id.*, § 3730(b)(5); *see United States ex rel. Rosales v. Amedisys North Carolina, LLC*, 128 F.4th 548, 552 (4th Cir. 2025) ("The False Claims Act's first-to-file rule allows only one relator at a time to pursue . . . a given fraud.").

where a case was filed in the wrong district or division.[4] But this case was properly filed in this division, because multiple defendants reside herein, although all such defendants have settled and been dismissed.[5] Nor is misjoinder a ground for dismissal.[6]

Relator does not object to severing and transferring the cases against the two remaining defendants to the divisions wherein they reside[7]: Virginia Rush Soccer, Inc., based in Virginia Beach, to the Norfolk Division, and Glen Allen Community Center, located in Henrico County, to the Richmond Division.

Accordingly, Relator respectfully requests that the Court rescind its July 14, 2025 order, order the Government to elect whether or not to intervene by a Court-specified deadline, and, should it deem proper, sever and transfer the cases against the two remaining defendants as described above. A proposed order to that effect is submitted herewith.

Respectfully submitted,

/s/

Bruce Ellis Fein
Bruce Ellis Fein PLLC
Virginia State Bar # 44049
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator*

---

[4] 28 U.S.C. § 1406(a).
[5] 28 U.S.C. § 1391(b)(1); Local Civil Rule 3(C).
[6] Fed. R. Civ. P. 21.
[7] *See id.*; 28 U.S.C. § 1401(a).